Case 21-2981, United States of America et al. v. 66369 in US currency et al. Argument not to exceed 15 minutes per side. Mr. Benduro, you may proceed for the appellants when you're ready. Good morning. Good morning, and may it please support Mark Benduro on behalf of the Patel appellants. If I may, I'd like to reserve three minutes for rebuttal. As the court is aware, this is an appeal from a provision in a December 31st, 2020 order. The order essentially followed a telephone conference that's unrecorded, but apparently the parties had reached an agreement as to the distribution of funds that were held in the forfeiture action. In fact, I think the United States and the Patels had reached an agreement sometime in advance, and Mr. Weiss, the attorney for the Patels, had objected because it didn't preserve his lien. Ultimately, as a result of this telephone conversation, it appears that the parties were in agreement as to how those funds would be distributed. A certain amount to the United States, a certain amount to the Patels, and the court gave Mr. Weiss every penny that he sought under his attorney lien. The one provision that was objected to is the focus of this appeal, and that provision provided that over the objection of my client's attorney, if Mr. Weiss would provide an explanation regarding two accounts that had been seized and had not been objected to, then my clients were required to issue a full and complete release of any claims they might have arising out of his service. Now, when we're talking about a compelled release, that's a bit of an oxymoron or a euphemism, but basically a release is something voluntary, not something that is compelled by the court. But if something is going to be compelled by the court, there are a variety of procedures that are required. Now, in this case, a large amount of the Appley's briefing has been... But what's the proof that your clients were prejudiced by this? Is there something indicating they were going to file a malpractice action? I mean, you know, if you're right about releases suggesting voluntariness, then I think you also have to deal with the question of, you know, we only litigate over things where your clients are going to be prejudiced. What's the evidence that they were or already are planning to file a malpractice action? Or is there some other form of prejudice? There had been discussion. There were two accounts in the total amount of, I think, about $140,000 that had been forfeited, and under the procedure, they were required to object, to put in issue, their claim that these were not the funds from illegal activity. No such objection was made, and therefore they were precluded from challenging whether or not those accounts were the proceeds of illegal activity. The question arose, why didn't you do it? And it seems that the attorney didn't explain why that was occurring. So we don't know specifically what claims were made, and that's part of the procedural problem when you're dismissing claims that haven't been made and haven't been identified through a complaint in the ordinary legal procedure. But it appears from what's going on that there was some controversy over whether or not there was any responsibility for failing to object. I just want to make sure I'm understanding your answer. Is your answer, your clients are going to file something, or is your answer we can't really say that because we don't have enough information and the problem is that this order short-circuited your client's ability to figure out whether a malpractice action should be filed? I think it's more the latter. Certainly they had not filed one up to that time, and the other provision by the court was that you have to explain it. Now understand that under the terms of this order, as long as there was an explanation, they had to give up a claim. So if the explanation was, I really screwed up, I forgot to make it, nonetheless under this order that claim would be lost. And that is part of the problem. I mean this is a unique situation. I don't think anybody has found any authority on the court's ability to sui sponte, or not sui sponte, but by court order preclude the filing of a suit against a non-party when that suit has never identified what the claims are and what's being released. And so, I mean, just on its face it looks wrong, but then you start getting into some of the legal reasons why it's wrong. And first and foremost you have the due process problem of my client having no notice that that was an issue. There is discussion in the Rule 60 ruling to the effect that it was discussed at the phone conference, and although it was discussed, the forfeiture provision was objected to. So it appears that in the course of the discussion, Mr. Weiss was saying, I don't want to be sued by my clients. I want you to give me a carte blanche absolution. And my client said, we can't do that. Either we're not going to because we do want to sue you, or we don't have the information necessary to say it. But it was certainly never brought as any kind of motion or brief or any other procedure which would put my clients on notice that that was even to be decided by the court. And I mention that because a large part of the opposing brief is to the effect that my clients didn't object in the trial court. Well, first of all, how can you object in the trial court to a provision which was never put at issue by a motion or any other such pleading? What happened in this telephone conference that I guess the malpractice claim may have come up? I mean, because the judge doesn't just wake up one morning and say, well, why don't we just do a release for somebody else? This idea must have come from somewhere. That's the problem I have as well as coming in as appellate counsel, is without a transcript, we don't know. It's a matter of reconstructing. You weren't on that phone call? You weren't the lawyer below? Correct, Your Honor. So what do you know about this telephone call? What I know about the telephone call is reflected in the court's order, I believe. And if you look at the history, I think the telephone call was, we should get this fund distributed. Everybody has an interest in getting the money that they've got coming. The United States gets its share. The Patels gets its share. And there was a question about Mr. Weiss who had objected to that settlement, and the outgrowth of that was the agreement was he was going to get his share. And those are the provisions of the order that seem to be agreed to by everybody. Then there was this discussion about the attorney not wanting to be subject to any later liability, and the objection to that by the attorney for my clients. That seems to be pretty clear what happened in view of the context in the court's order. But what is clear is that the forfeiture provision was over the objection of the attorney for the Patels. At the time of the telephone order, when the parties sensibly agreed to this particular arrangement, was there mention at that time of the release or a release? The judge says in a later order that it was discussed. But again, there's no transcript. Pardon me? There's no transcript. There's no transcript. The court later says it was discussed. And according to the brief of Apple Lee, he wanted it. So I'm sure it was sort of discussed, but the important point is that it was not agreed to. And that's why the provision specifically provides, and this is the only provision that so provides, that it was over the objection. So it appears that the judge wanted to wrap it up. Everybody agreed as to the distribution of money. And frankly, what the court should have done, I think, is simply say the funds are distributed. If there are any other claims, we'll cross that bridge if and when we come to it. So is your position that the judge didn't have the authority to order the release or that there was not a sufficient record on which for the judge to act and do what the judge did? I guess it's a little bit of both. My primary claim is the judge didn't have the authority, and certainly there's nothing in the record that would provide that authority. Now, we're not disagreeing that the court could summarily decide a lien issue. And it turned out to be agreed to. And that's clearly part of the ancillary jurisdiction. But the question is, does the court have the authority to compel a release of a non-party in the absence of a motion when the specifics of that claim have never been identified by a complaint or any other formal method of asserting such a claim against the attorney? And as I'm grappling for exactly what label to put on the error, if you will, there comes several of them. One of the first is the due process provision of entering an order like that without any notice or opportunity to be heard to argue against it. The second is there's, in my mind, a sufficient issue of jurisdiction under the case and controversy requirement. And that was one of the questions that went through my mind. How should we view this case where the key proceeding at issue or the key proceeding giving rise to the appeal simply those things are not in the record? So how should we look at this? And what standard should we apply? Is it abuse of discretion? What is the standard that we apply? I think that the absence of a record, I mean, you could remand to try to reconstruct it and have an evidentiary hearing of who said what and where. In certain circumstances, I think the absence of a record is itself fatal to the order. What do you want us to do? Do you want us to vacate the whole order? No, just to vacate that provision. So strike that one paragraph? Strike that one provision and say there is no compelled forfeiture. If and when a claim is brought, we cross that bridge later, but we don't preemptorily preclude an action that has not been articulated or filed yet. And in addition to the case and controversy, you've actually got, if I can quickly, a potential problem under the First Amendment right to petition government for redress of grievances when you are saying we are preemptorily preventing you from going to court to redress your perceived grievance against your attorney. So for those reasons, we're asking the court to reverse. Okay, we'll hear from the other side. Mr. Weiss, are you one in the same? Pardon? Are you the Weiss in the case? I am. Okay. Let's get all the information we need. In this case, claimants through their counsel at the district court made a conscientious, intentional decision to forego amicable resolution negotiations, wanting the judge to resolve that issue. That is part of the record. I believe it's ECF number 92 in the lower court. It's appended an email from counsel for claimants indicating that they wanted Judge Roberts to make a decision on that, to resolve it. That email is a little vague. I mean, this is the email that goes, well, maybe we should just let the judge figure it out. That's what you're talking about, right? But when arguing that there's no notice that it's going to be brought to the court, and this conversation occurs approximately four months before. Who brought the motion? There was a motion to withdraw and a notice of attorney's lien. Myself, counsel for the claimants at that time, had a series of conversations, electronic and telephonic, in terms of attempts to amicably resolve it. Finally, counsel for the claimants indicated, we want Judge Roberts to make the decision. And that sort of foreclosed any further negotiations. It was known to claimants through their counsel, somewhere between four to nine months before the December 30th proceeding, that this was going to be an issue that the judge was going to be asked to resolve. Is this from the telephone conference? This is prior to the telephone conference. So they knew months in advance that this was going to be an issue. And your evidence for that is the email? The email. And there's no dispute in any of their post-December pleadings, questioning what is referenced in that email and the tenor and import of that email. Even now, in their appellate's brief, they don't question any of that. So simply to come before your honors and say they had no notice, with all due respect, we take umbrage. Because there was notice. And there wasn't a lack of notice that was argued on December 30th. It was simply a matter of, they made a conscientious decision, they wanted the judge to resolve it. The more what you're saying is true, the easier it would seem to send the case back and just tie this all up together. If you're saying this is how it was all understood, the judge ought to be able to make a record that proves that very point and either say you're stopped from challenging the release or I don't know what you're thinking and suddenly taking this position. So anyway, the more confident you are about this record, the more likely it would seem that the judge could put this together. And it's very strange. The judge admits it's over their objection. I mean, that's the one clear record thing we have. And then not really telling the story as to why it's permissible to require the release over their objection. That seems odd. The other side of the coin is that the court, at their request, wanted counsel to provide some information and documentation. That transpired. It was only after that that they filed their motion for relief pursuant to Rule 60. So they got the benefit of the court's decision without objection, and then they come in and complain. And they complain about surprise. Well, the court found as a factual finding that they don't challenge on appeal that there was no surprise. That they were completely aware that this was a decision. The court references in its order, the parties and Mr. Weiss requested a global resolution. That is a factual determination that they don't question even on appeal. So to come before this court and say we were surprised when they're requesting, along with myself, a global resolution, is somewhat misleading. Secondly, they seem to question in their pleadings, but not before your honors, about the authority of the court to render a release. But they don't challenge the law that I cite in my brief that courts have, and sometimes it's referred to as supplemental authority, and other times it's referred to as ancillary authority or jurisdiction, but nonetheless the ability to resolve fee disputes and disputes between attorneys and clients. So even if the parties did request a global resolution and the parties reached a global resolution, we don't have the terms of that global resolution contained in the record that we're looking at. And so you're asking us to make a determination of this dispute on a very limited, incomplete, and perhaps insufficient record. How do we do this? No one, at least up until today, has challenged the sufficiency of the record. It's simply been a matter of whether the release was appropriate. I would submit that the record is replete and is complete because the judge set forth what was going to occur and what you wanted to transpire. And it all unfolded and it all transpired. So I understand your position, but there has to be evidence, facts, circumstances, something to justify this release if that, in fact, is appropriate. And you all are telling us right now, the two of you differ on that. So you're not in agreement, obviously, because if you were, we wouldn't be here. So doesn't that come to some kind of a sufficiency issue? I take the position that the case law indicates that a court has the authority and the jurisdiction to resolve a fee dispute between the attorney and the clients. And the question is as to the breadth of that discretion. If you look at it in terms of wanting finality, which a lot of times courts want, is if there is a request of a release because you don't want the parties to continue to fight, you don't want to take up judicial resources in the future, and so it is released. And particularly when you have speculative, even as of today, in terms of whether there was a problem, if this happened, what if this turns up in the future, what if this. All of that is speculative, and I submit to you it's specious speculation because that was the whole point of Judge Roberts, pursuant to the request of then-claimant's counsel, of wanting to sit down and get these facts and documentation, which a notice of compliance was filed with the court. No objection was ever filed with that. And even today they don't complain about it. But they waited until then, and then they complained. Judge Roberts made two significant findings, which they don't challenge and they don't even address. And one is the timeliness. You keep calling it a fee dispute, and why isn't it a malpractice claim? I mean, I realize they might come to one in the same, one might be used as leverage to deal with the other, but releasing a malpractice claim doesn't seem to be part of the inherent authority of district courts to resolve cases. I've never heard of that. If that was really the case, then they could have and should have challenged the fee award. Weiss is not entitled to anything because of this. But when they even repeat as of late this morning of getting every penny, without objection, they're implicitly recognizing that all the rest that they're complaining about is spurious and completely speculative. If there is a claim, if there is something concrete, then raise it at that time, either demand a set-off or a recoupment or something. I would have thought a malpractice action is not ripe until the underlying proceeding is done. That's what I would have perceived, isn't it? Most judges would say, wait until it's all done, because how are we going to know damages, et cetera, then you bring your malpractice claim. Of course, you can't do that here with this release. If you step back for a second, what they're complaining about occurred, if it occurred at all, the end of 2015 to the beginning of 2016. Four years later, at the end of 2020, they don't have any information. And even as it stands here today, and in response to the court question. You're not finding the point I just made, that you wait until the case is over. But at that point in time, after four years, you should have some indication rather than what if. And even after I sit down. I'm not following the point, for what it's worth. I would have said a malpractice claim is not ripe until the underlying case is done, because you don't know exactly how it hurt or helped you. And so if it took four years, this would not be the first time in American legal history for a case to take four years. If there was a problem. There was also, as it makes reference to a memorandum of understanding between the claimants and the government. Which was entered into prior to December of 2020. So at that point in time, and that's been confidential, they won't disclose it. And I don't know how they resolved those two accounts. Although when I was still involved in it, it was being on the road to resolution. So after this point in time of not making anyone knowledgeable of what is in that memorandum of understanding. And how those two accounts were dealt with, if at all. I would submit that they knew if there was a problem. And they could have articulated it to Judge Roberts. They could have put it in their Rule 60 motion. They could have put it in their appellant's brief before this court. They have not done that. So it still remains speculative. And they would have known about that at the time, definitely by the time of the memorandum of understanding. Because that resolves all of the financial issues between the claimants and the government. And I would submit as well as those two accounts as well. Otherwise, there would still be something left out dangling in the future that no one is aware of. Can I just return to the malpractice issue? Maybe you can answer this question. It seems to me that a malpractice action is broader, wouldn't you agree, than a fee dispute. In many cases. And couldn't the malpractice action include, let's say, a request that the Patels seek that amount of money in those two accounts that they did not get. For example, $148,000 or whatever that figure is. I'm not saying that they will. I have no idea what their claims are. But I guess I'm just wondering if a malpractice claim is just much broader than the fee dispute that you say everybody agreed should get resolved in this global settlement. If it is broader, and since they can't identify exactly what that malpractice action may be. Well, it's those two accounts with the money, right? That they don't have access to anymore. Then if they're claiming monetary damages, they shouldn't agree that counsel gets every penny that he's asking for by way of fees. I mean, if you want damages, and you're saying $148,000, well then keep the $31,000 and change until the $148,000 is resolved. Is there a case that makes that point? That if you don't object to fees, you can't bring a malpractice claim later? I'm saying it doesn't make practical sense to agree with a nebulous, unspecified, undefined claim, and then later on complain about it. Particularly after they had requested that counsel sit down and provide the information, which counsel did. And a notice of compliance was filed. They didn't object to it, and they waited afterwards. Still getting over the two hurdles of the timeliness of the pleading that gives rise to the appeal, and the fact that they got the benefit of the bargain, which they don't address. So I submit to you that that has been given up, and that has been waived. And there's been no objection as to the determination, and there's no demonstration that that was done clear and convincingly, erroneously. So I submit to you that the court should have the discretion, and that discretion should include what Judge Roberts did. Thank you very much. Thank you. We don't dispute that the court has the order, has the authority to decide a fee dispute, and it turns out the parties ultimately agreed to that. But that is a different issue than peremptorily attempting to decide the merits of a malpractice case that has not yet been brought. Now counsel says that the outcome of that would be speculative, and that's why you have a separate cause of action to determine the merits, rather than peremptorily excluding a cause of action that you don't know all of the merits of. And the idea that you can't pay your attorney because that is some sort of forfeiture of a malpractice case is pretty mind-boggling, frankly. I would think that an attorney would just as soon get paid and cross other bridges later. Now when he says that everybody agreed to the judge, that's belied by the provision that says it's over-objection. Everything else is recited as essentially agreed to during this unrecorded phone conversation. But that specific provision is singled out as being under-objection. And the reason, remember that as counsel refers to it, it goes together with tell your clients why you didn't follow it. How can we have agreed to voluntarily waive something when we haven't got the information because counsel hasn't provided it, which frankly is his ethical obligation. And if you're looking at alternatives, the alternative would be, okay, don't. We'll see you and take your deposition and go through the formal discovery process. And the judge told them to give it up, but it was not something agreed to. That's exactly why the over-objection. And when counsel says that they wanted a global resolution, in context, the claimants and the government had agreed as to how the funds were to be distributed. The only thing that remained in the air was the attorney lien. That, I suggest, is what the parties wanted globally resolved. Who gets how much money? Instead of it sitting in this pot, nobody touching it. But at best, I think, the record suggests an agreement to disagree. We agree on how the funds are being distributed. You want a release. We're not going to give it to you. We'll give you all your money, but we won't give you a release. And that's what the judge, I suggest, improperly imposed upon them. Thank you very much. Thanks to both of you for your helpful arguments and briefs. We appreciate it. The case will be submitted.